UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN I. BALLESTEROS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARZA,<br><br>　　　　Defendant. | Case No. 1:22-cv-00997-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　Benjamin Ballesteros ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on August 10, 2022.  (ECF No. 1).

　　　On December 8, 2022, the Court screened Plaintiff's complaint.  (ECF No. 8).  The Court found that Plaintiff failed to state any cognizable claims, and gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint."  (Id. at 6-7).  On January 17, 2023, Plaintiff filed a First Amended Complaint (ECF No. 11), which is now before this Court for screening.  Plaintiff alleges that defendant Garza failed to protect him from an inmate who was mad at him.

　　　The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons

described in this order, will recommend that this action be dismissed, with prejudice, for failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

The incidents occurred at Substance Abuse Treatment Facility ("SATF").

On March 22, 2022, inmate Angelo Will, who is defendant Garza's confidential informant, told defendant Garza that Plaintiff was informing other inmates and inmate Will's job supervisor that inmate Will was stealing canteen from inmates' "tag and bag canteen."

Defendant Garza is aware that if an inmate tells others that you are stealing, he will be known as a snitch or a rat. Defendant Garza knew that the act of labeling an inmate a snitch or a rat in a prison environment puts that inmate at a risk of serious harm.

Defendant Garza had actual knowledge that inmate Will was angry with Plaintiff, but let him proceed to Plaintiff's cell, which is in another section.

Defendant Garza learned of a strong likelihood that inmate Will would assault Plaintiff. Defendant Garza discounted the threats and took no action.

On March 22, 2022, at approximately 1500 hours, Plaintiff was attacked by inmate Will. Plaintiff suffered great bodily injury, including a broken jaw. Plaintiff had to be sent to another prison to be housed medically. Additionally, defendant Garza's failure to protect Plaintiff caused him to be denied his personal property, which prevented him from preparing for his upcoming Board of Parole Hearing. He also lost his job, lost his in-person college classes, was denied access to visits, lost his bunk in which he was comfortable, and lost fifteen pounds due to his mouth being wired shut. Plaintiff's teeth and bite are permanently disfigured.

Defendant Garza was aware that an inmate who was not being observed could assault or even kill another inmate.

Plaintiff brings an Eighth Amendment failure to protect claim against defendant Garza.

\\\
\\\
\\\

### III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. Failure to Protect in Violation of the Eighth Amendment

To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). A prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

The Ninth Circuit has held that telling inmates that someone is a "snitch" with the intent of having an inmate killed by other inmates could state a claim for a violation of the inmate's right to be protected from violence while in custody. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (upholding a failure to protect claim where Plaintiff "alleged that because he had petitioned prison and government officials for redress of his grievances, [Defendants] had conspired to label him a 'snitch' and thereby subject him to retaliation by inmates"). The Ninth Circuit has also denied a similar claim where the plaintiff did not allege he was actually subjected to retaliation by fellow inmates, or that the defendant was aware that the statement exposed the plaintiff to a substantial risk of serious harm. Morgan v. MacDonald, 41 F.3d 1291, 1293-94 (9th Cir. 1994).

Plaintiff alleges that inmate Will, who is defendant Garza's confidential informant, told defendant Garza that Plaintiff was informing other inmates and his job supervisor that he was

5

stealing canteen from inmates' "tag and bag canteen." Defendant Garza discounted threats and took no action. Defendant Garza later "let" inmate Will proceed to Plaintiff's cell, which is in another section. Inmate Will assaulted Plaintiff.

Plaintiff does not sufficiently allege that defendant Garza knew of and disregarded a serious risk of harm to Plaintiff. While Plaintiff alleges that inmate Will complained to defendant Garza about Plaintiff informing other inmates about inmate Will stealing, there are no allegations suggesting that defendant Garza labeled Plaintiff a snitch. Moreover, while Plaintiff alleges in a conclusory fashion that defendant Garza discounted threats, there are no factual allegations that inmate Will (or any other inmate) threatened Plaintiff in front of defendant Garza or told defendant Garza that Plaintiff was being threatened. While Plaintiff alleges that defendant Garza knew inmate Will was mad at Plaintiff, Plaintiff does not sufficiently allege that defendant Garza subjectively knew that Plaintiff faced a serious risk of harm from inmate Will because inmate Will was mad at Plaintiff.

Plaintiff also alleges that defendant Garza "let" inmate Will into his section, but Plaintiff provides no factual allegations regarding what this involved. Plaintiff does not allege what defendant Garza did or did not do that let inmate Will into Plaintiff's section.[1] Additionally, there are no factual allegations suggesting that defendant Garza saw the attack and was able to intervene, but did not do so.

As Plaintiff fails to sufficiently allege that defendant Garza knew of and disregarded a serious risk of harm to Plaintiff, the Court finds that Plaintiff fails to state an Eighth Amendment failure to protect claim against defendant Garza.

**IV.      CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court recommends that this action be dismissed for failure to state a claim, without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court

---

[1] The Court notes that in his original complaint, Plaintiff provided additional factual allegations. Plaintiff alleged that defendant Garza (and others) allowed the inmate who assaulted Plaintiff into Plaintiff's section because they were having a conversation and were not alert. (ECF No. 1, p. 9). In the first screening order, the Court found that these allegations were not sufficient to state an Eighth Amendment failure to protect claim. (ECF No. 8, p. 5).

6

identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint.  Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court.  Thus, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 22, 2023**                     /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE